

**David R. Ehrlich**
*Partner*

**Direct 516.812.4518**
dehrlich@staggwabnik.com

**staggwabnik.com**

401 Franklin Avenue, Suite 300, Garden City, NY 11530
T 516.812.4550| F 516.812.4650

331 Newman Springs Road, Building 1, 4th Floor, Suite 143, Red Bank, NJ 07701| T 732.784.1586
1111 Summer Street, 5th Floor, Stamford, CT 06905| T 203.967.4000

September15, 2020

Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Herman Lebowitz, Ekaterina Reznikov and Keith Black v.
> The New York City Department of Education,
> John O'Mahoney and Laura Izzo
> Docket No.: 15-cv-02890 (LDH) (ST)

Dear Judge Hall:

    We represent Plaintiffs in the above-referenced matter, and write to alert the Court to a recent decision that addresses an issue raised in Defendants' pending summary judgment motion.

    In their summary judgment motion, Defendants attempted to use the one-year statute of limitations set forth in New York Education Law (NYEL) § 3813(2-b) to limit Plaintiffs' discrimination claims. (Def MOL in support of motion at 3-4, Dkt. No. 103). In opposition to Defendants' argument, Plaintiffs explained that the NYEL's statute of limitations was tolled when Plaintiffs filed a formal discrimination complaint with the New York State Division of Human Rights ("SDHR") and/or the Equal Employment Opportunity Commission ("EEOC"). (Pl. MOL in opposition to motion at 4-8, Dkt. No. 104.)

    It is well settled New York Law that the statute of limitations under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") are tolled when a plaintiff files an administrative complaint with the SDHR or EEOC. However, at the time the motion was submitted, there was a conflict within the United States District Courts in New York as to whether that same tolling principle also applies to the one-year limitations period under the NYEL. In Plaintiffs' opposition, we explained that logic and public policy

Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
September 15, 2020
Page 2

point to having the statute of limitations under the NYEL tolled when an administrative complaint is filed, just like under the NYSHRL. Plaintiffs also explained that the conflicting decisions that held there was no tolling under the NYEL were based on clearly flawed logic.

The exact issue regarding the tolling was just recently addressed by the United States District Court, Southern District of New York. The Report and Recommendation by Magistrate Judge James L. Cott, which was adopted in its entirety by United States District Court, relied on the same arguments as Plaintiffs did in their brief, and held that the one year statute of limitations under the NYEL is tolled when a plaintiff files an administrative complaint for discrimination with the SDHR or EEOC, in the same way statute of limitations is tolled under the NYSHRL. Bernheim v. New York City Dep't of Ed., 2020 U.S. Dist. Lexis 120400 *17-21 (S.D.N.Y. July 9, 2020) (adopted in its entirety on July 31, 2020—U.S. District Judge Valerie Caproni).

We respectfully request that the Court take the Bernheim decision and its reasoning into consideration when deciding the summary judgment motion in this case.

Please feel free to call if you have any questions or require further information.

Very truly yours,

David R. Ehrlich